

# West Virginia Secretary of State
## Mac Warner

(http://www.sos.wv.gov)



Home (http://www.sos.wv.gov/pages/default.aspx) | Business4WV
(http://www.business4wv.com/b4wvpublic/) | News Center (/news/Pages/default.aspx) |
(http://www.facebook.com/wvsos)   (http://twitter.com/wvsosoffice)
(http://www.sos.wv.gov/_layouts/feed.aspx?xsl=1&web=%2Fnews&page=26402023-f08d-441f-
9bbd-5690559009d1&wp=d963eb34-2126-4d12-bf9a-8c46be406e7e)

Secretary of State (http://www.sos.wv.gov/Pages/default.aspx) > Business and Licensing
(https://sos.wv.gov/business/Pages/default.aspx) > Service of process search
(/business/service-of-process/) > Defendant details

# Defendant details

**Civil action #**

19-C-513 (/business/service-of-process/Home/Search?CivilActionNumber=19-C-513)

**Defendant**

NEWREZ LLC (/business/service-of-process/Home/Search?DefendantName=NEWREZ%20LLC)

**Agent**

Corporation Service Company

**Country**

US - UNITED STATES

**County**

Kanawha

**Service date**

Friday, June 28, 2019

**Certified number**

92148901125134100002544451

**Delivery date**

**USPS status**

DELIVERED LEFT WITH INDIVIDUAL [details] (/business/service-of-process/Home/USPSStatusDetails/241268)

**City/State/Zip**

Charleston, WV 25302

**Was delivered**

No

**Signature image**

No image present

Please note: USPS requires a signature whenever certified mail is returned to sender. When mail from the Secretary of State is returned, it is processed and signed by the state's central mailing office. If your mail was intended for a private entity (that is, anyone other than a state officer or agency) and the signature below is that of **Adam Robinson, Central Mailing Office, Danny Pauley, Jim Carter, Ronald Kushner or State of West Virginia**, then your mail was *NOT DELIVERED* and will be returned to the clerk of the appropriate court.

Home (http://www.sos.wv.gov/pages/default.aspx) | Contact Us (https://sos.wv.gov/Pages/contact.aspx) | Site Map (http://www.sos.wv.gov/Pages/sitemap.aspx) | Disclaimer (http://www.sos.wv.gov/Pages/content-disclaimer.aspx)

west virginia       (http://www.wv.gov)

State Agency Directory (http://www.wv.gov/Pages/agencies.aspx) | Online Services (http://apps.sos.wv.gov)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

THOMAS L. ROOT, SR.

    Plaintiff,

v.

    CIVIL ACTION NO. 19-C-513

NEWREZZ LLC, d/b/a
SHELLPOINTMORTGAGE SERVICING,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC., and
THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, as Trustee for
Certificateholders of CWABS, Inc., Asset-backed
Certificates, Series 2005-5,

    Defendants.

| | Days to Answer | Type of Service |
|---|---|---|
| Newrezz LLC | 30 | Secretary of State |
| Bank of America, N.A. | 30 | Secretary of State |
| Countrywide Home Loans, Inc. | 30 | Secretary of State |
| The Bank of New York Mellon | 30 | Secretary of State |

**PLEASE RETURN ALL FILE STAMPED COPIES AND ALL ORIGINAL SUMMONSES TO
COUNSEL FOR PLAINTIFF(S) FOR SERVICE OF PROCESS**

Please issue summons in the above-styled action as indicated.

Original and _1_ copy of Complaint furnished herewith.

**EXHIBIT
B**

May. 22. 2019  2:53PM   KANAWHA CO. CIRCUIT CLERK                          No. 6305   P. 3/7

| PLAINTIFFS: Thomas L. Root, Sr. | CASE NUMBER: |
|---|---|
| DEFENDANTS: Newrezz LLC<br>Bank of America, N.A.<br>Countrywide Home Loans, Inc.<br>Bank of New York Mellon | |

II.     TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| // Asbestos | // Adoption | // Appeal from Magistrate Court |
| // Professional Malpractice | /x/ Contract | // Petition for Modification of Magistrate Sentence |
| // Personal Injury | // Real Property | // Miscellaneous Civil |
| // Product Liability | // Mental Health | // Other |
| // Other Tort | // Appeal of Administrative Agency | |

III.    JURY DEMAND:     /X/ Yes          // No

        CASE WILL BE READY FOR TRIAL BY  July 2020

IV.     DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
        ACCOMMODATIONS DUE TO A DISABILITY OR AGE?     // YES /X/ NO
        IF YES, PLEASE SPECIFY:

        //      Wheelchair accessible hearing room and other facilities
        //      Interpreter or other auxiliary aid for the hearing impaired
        //      Reader or other auxiliary aid for the visually impaired
        //      Spokesperson or other auxiliary aid for the speech impaired
        //      Other: _____

Attorney Name:  Daniel T. Lattanzi, Esq.              Representing:

Firm:           Pepper & Nason                        /X/ Plaintiffs     // Defendant

Address:        8 Hale Street
                Charleston, WV 25301

Telephone:      304/346-0361                          Dated: May 20, 2019

                                                      _____
                                                      Signature

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**THOMAS L. ROOT, SR.**

    **Plaintiff,**

v.                                                                 CIVIL ACTION NO. 19-C-513

**NEWREZZ LLC, d/b/a
SHELLPOINTMORTGAGE SERVICING,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC., and
THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, as Trustee for
Certificateholders of CWABS, Inc., Asset-backed
Certificates, Series 2005-5,**

    **Defendants.**

### COMPLAINT

1.    This is an action arising out of a practice known as predatory lending, whereby a national lender exploits unsophisticated consumers by persuading them to enter into an unwise loan secured by their home. In this case, Defendants induced Plaintiff Thomas Root into an unwise home loan based on an inflated appraisal. Plaintiff now brings this suit to save his home and for other appropriate relief.

### PARTIES

2.    Plaintiff Thomas Root is a West Virginia resident living in Charleston, Kanawha County, West Virginia. Plaintiff is unsophisticated in financial and mortgage matters.

3.    Lender: Defendant Countrywide Home Loans, Inc. ("Countrywide") is a corporation licensed to do business in West Virginia with a principal place of business at 4500 Park Granada, Calabasas, California, 91302.

4.    Former Servicer: Defendant Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("BANA"), is a national bank with a principal place of business at 4500

1

Park Granada, Calabasas, California 91302.

     5.    Current Servicer: Defendant Newrezz LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is a company doing business in West Virginia with a principal place of business at 400 Chemical Road, Suite 200, Plymouth Meeting, PA 19462. Defendant Shellpoint is the current servicer of the mortgage loan.

     6.    Holder: Defendant The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-5 ("BOYNM") is the holder of the mortgage loan. Its principal place of business is located at 225 Liberty Street, New York, NY 10286. Defendant The Bank of New York Mellon is subject to all claims and defenses Plaintiff may have arising out of the mortgage loan.

## STATEMENT OF FACTS

     7.    (a)    In 2005, Plaintiff was solicited by Defendant Countrywide Home Loans, Inc. to finance the purchase of a foreclosed property in Kanawha County, West Virginia.

          (b)    Plaintiff proceeded to provide application information to Defendant Countrywide by telephone.

     8.    (a)    On information and belief, Defendant Countrywide arranged for and relied on an appraisal of the home with an appraiser who, upon information and belief, Defendant knew would provide an inflated appraisal of the property.

          (b)    The appraiser provided an inflated appraisal of the home for $71,500 to enable origination of the loan.

          (c)    Unbeknownst to Plaintiff, and on information and belief, the home had a fair market value below the inflated appraisal amount.

9.      After the appraisal, Defendant Countrywide contacted Plaintiff and told him that it would originate two separate mortgage loans for the home.

10.     (a)     On May 13, 2005, Plaintiff entered into the first loan agreement with Defendant Countrywide with an initial principal balance of $56,720 at an interest rate of 10.625% payable over 30 years.

        (b)     On May 13, 2005, Plaintiff entered into the second loan agreement with Defendant Countrywide with an initial principal balance of $14,180 at 13.5% over fifteen years with a balloon payment due at the end of the mortgage loan.

        (c)     The closing was conducted in a hurried manner, such that Plaintiff was not afforded a reasonable opportunity to understand the essential terms and import of the transactions.

11.     In May 2019, Plaintiff learned that the actual value of the home at the time of the first and second loan was likely below the inflated appraisal amount.

12.     Plaintiff has suffered annoyance and inconvenience, emotional distress, and fear of the loss of his home.

### COUNT I – UNCONSCIONABLE INDUCEMENT

13.     Plaintiff incorporates the preceding paragraphs by reference.

14.     Plaintiff and Defendants occupy unequal bargaining positions, including that:

        (a)     Plaintiff is an unsophisticated consumer.

        (b)     Defendants are large companies engaged in the business of making home secured loans.

15.     The mortgage loans were formed without a true meeting of the minds, caused by circumstances including:

        (a)     Plaintiff has limited education and ability to understand financial transactions;

3

    (b)    The contract at issue was adhesive and drafted by Defendants;

    (c)    Defendants' misrepresentation regarding the value of the home; and

    (d)    The loan closing, conducted by Defendants, was extremely quick and did not involve an explanation of the documents or terms of the loan or provide Plaintiff with a reasonable opportunity to understand the transactions, such that he was unaware of the loan terms.

16.    Under the circumstances alleged, the loans issued by Defendants were substantively unconscionable, including a combined loan amount that far exceeded the value of the property, thus making refinance or sale impossible and foreclosure a likelihood.

17.    The mortgage loans were unconscionable, under all circumstances alleged, at the time they were made and/or were induced by unconscionable conduct, and therefore are unenforceable.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)    A declaration that the mortgage loans were induced by unconscionable conduct and/or contained unconscionable terms, and that the loans are thus unenforceable, pursuant to W. Va. Code § 46A-2-121(1);

    (b)    Actual damages equivalent to the amount paid plus amount claimed due under the loans, and incidental and consequential damages;

    (c)    Appropriate civil penalties and reasonable attorney fees and the cost of this litigation pursuant to W. Va. Code § 46A-5-101(1) & 106;

    (d)    Appropriate equitable relief; and

    (e)    Such other relief as the Court may deem equitable and just.

### COUNT II - ILLEGAL LOAN

18.    Plaintiff incorporates the preceding paragraphs by reference.

19.    Defendants willfully made mortgage loans with a combined principal amount that

4

exceeded the fair market value of the property on the date the residential loans were made in violation of West Virginia Code § 31-17-8(m)(8).

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)    The loans be declared void pursuant to West Virginia Code § 31-17-17;

(b)    Actual damages, including return of payments made on the loans;

(c)    Reasonable attorney fees and the cost of this litigation; and

(d)    Such other relief as the Court may deem equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**THOMAS L. ROOT, SR.,**
**By Counsel.**

Daniel T. Lattanzi (WV Bar No. 10864)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
Telephone:  304-346-0361
Facsimile:  304-346-1054

5

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

FILED

2019 JUN -3 PM 2: 03

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

THOMAS L. ROOT, SR.,

        Plaintiff,

  vs.

NEWREZZ LLC, d/b/a
SHELLPOINT MORTGAGE SERVICING,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC.,   and
THE BANK OF NEW YORK MELLONG f/k/a
THE BANK OF NEW YORK, as Trustee for
Certificateholders of CWABS, Inc., Asset-backed
Certificates, Series 2005-5,

        Defendants.

Civil Action No. 19-C-513
(Hon. Tera L. Salango)

**BANK OF AMERICA, N.A. AND COUNTRYWIDE HOME LOANS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendants Bank of America, N.A. ("BANA") and Countrywide Home

Loans, Inc. ("Countrywide") (collectively, "Defendants"), by and through counsel and sets forth

their Answer and Affirmative Defenses to the complaint ("Complaint") of Plaintiff Thomas L.

Root, Sr. ("Plaintiff").  Unless expressly admitted herein, Defendants lack sufficient information

or knowledge to admit or deny the allegations of the Complaint and, on that basis, deny the

allegations.

**COMPLAINT**

1.    The allegations contained in Paragraph 1 of the Complaint are denied.

**PARTIES**

2.    With regard to the allegations contained in Paragraph 2 of the Complaint,

Defendants admit, upon information and belief, that Plaintiff is West Virginia resident living in



3-4

EXHIBIT

C

Charleston, Kanawha County, West Virginia.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's sophistication in financial and mortgage matters, which are therefore denied.   Any allegation not expressly admitted herein is denied.

   3. <u>Lender</u>:  With regard to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Countrywide Home Loans, Inc. is a corporation with a principal place of business at 4500 Park Granada, Calabasas, CA, 91302.   Any allegation not expressly admitted herein is denied.

   4. <u>Former Servicer</u>:  With regard to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that that Bank of America, N.A. is a national banking association, successor by merger to BAC Home Loans Servicing LP.   BANA denies its principal place of business is at 4500 Park Granada, Calabasas, California 91301, as its actual principal place of business is at 100 North Tryon Street, Charlotte, North Carolina 28202.

   5. <u>Current Servicer</u>:  With regard to the allegations contained in Paragraph 5 of the Complaint, these allegations are not directed toward Defendants, and therefore, require no response.   To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, those allegations are denied.

   6. <u>Holder</u>:  With regard to the allegations contained in Paragraph 6 of the Complaint, these allegations are not directed toward Defendants, and therefore, require no response.   To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, those allegations are denied.

## STATEMENT OF FACTS

7.  (a) With regard to the allegations contained in Paragraph 7 (a) of the Complaint, Defendants admit that in 2005, Plaintiff was offered financing by Countrywide to purchase real property located in Kanawha County, West Virginia.  Any allegation not expressly admitted herein is denied.

(b) With regard to the allegations contained in Paragraph 7 (b) of the Complaint, Defendants admit, upon information and belief, that Plaintiff contacted Countrywide and provided loan application information by telephone.

8.  (a) With regard to the allegations contained in Paragraph 8 (a) of the Complaint, Defendants admit that Countrywide arranged for an appraisal of the home, which was conducted on or about April 11, 2005, relating to the loans at issue.  All remaining allegations set forth in Paragraph 8 (a) of the Complaint are denied.

(b) With regard to the allegations contained in Paragraph 8 (b) of the Complaint, Defendants admit that an appraisal of the home was conducted and reflected an appraised value in the amount of $71,500.  All remaining allegations set forth in Paragraph 8 (b) of the Complaint are denied.

(c) The allegations of Paragraph 8 (c) are denied.

9.  With regard to the allegations contained in Paragraph 9 of the Complaint, Defendants admit, upon information and belief, that Countrywide indicated to Plaintiff that it would originate two separate mortgage loans for the home.

10.  (a) With regard to the allegations contained in Paragraph 10 (a) of the Complaint, Defendants admit that on May 13, 2005, Plaintiff entered into a loan agreement with Countrywide,

with an initial principal balance of $56,720, at an interest rate of 10.500%, payable over 30 years. Any allegation not expressly admitted herein is denied.

(b)  With regard to the allegations contained in Paragraph 10 (b) of the Complaint, Defendants admit that on May 13, 2005, Plaintiff entered into another loan agreement with Countrywide, with an initial principal balance of $14,180, at an interest rate of 13.500%, payable over 15 years, with a balloon payment due at the end of the loan term.  Any allegation not expressly admitted herein is denied.

(c)  The allegations of Paragraph 10 (c) are denied.

11.    The allegations of Paragraph 11 are denied.

12.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore, those allegations are denied.

## COUNT I – UNCONSCIONABLE INDUCEMENT

13.    Defendants hereby adopt and incorporate their responses to the preceding paragraphs as though set forth in full herein.

14.    The allegations contained in Paragraph 14 of the Complaint, including subparagraphs (a) through (b), state legal conclusions to which Defendants are not required to respond.  To the extent a response may be required, the allegations of this paragraph are denied.

15.    The allegations contained in Paragraph 15 of the Complaint, including subparagraphs (a) through (d), state legal conclusions to which Defendants are not required to respond.  To the extent a response may be required, the allegations of this paragraph are denied.

16.     The allegations contained in Paragraph 16 of the Complaint state legal conclusions to which Defendants are not required to respond.  To the extent a response may be required, the allegations of this paragraph are denied.

17.     The allegations contained in Paragraph 17 of the Complaint state legal conclusions to which Defendants are not required to respond.  To the extent a response may be required, the allegations of this paragraph are denied.  In addition, Defendants deny Plaintiff is entitled to the relief sought in subparagraphs (a) through (e) of the Wherefore Clause following Paragraph 17.

### COUNT II – ILLEGAL LOAN

18.     Defendants hereby adopt and incorporate their responses to the preceding paragraphs as though set forth in full herein.

19.     The allegations contained in Paragraph 19 of the Complaint state legal conclusions to which Defendants are not required to respond.  To the extent a response may be required, the allegations of this paragraph are denied.  In addition, Defendants deny that Plaintiff is entitled to the relief sought in subparagraphs (a) through (d) of the Wherefore Clause following Paragraph 19.

### JURY DEMAND

Defendants deny that Plaintiff is entitled to a jury trial for any cause of action.

### GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

### AFFIRMATIVE DEFENSES

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

- 5 -

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Defendants conducted themselves in conformity with applicable laws and regulations.

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, to the extent that Defendants' alleged actions were justified.

### FIFTH DEFENSE

Defendants state that at all times relevant hereto they conducted themselves in good faith.

### SIXTH DEFENSE

Defendants may be entitled to an award of their reasonable attorneys' fees under W. Va. Code § 46A–5–104.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part, or are subject to reduction, by the affirmative defenses of accord and satisfaction; estoppel; laches; payment; release; res judicata; unclean hands; failure to mitigate damages; statute of frauds; statutory protection and immunities.

### EIGHTH DEFENSE

The alleged injuries and/or damages to the Plaintiff were or may have been caused by the acts of others or through his own fault, and are in no way attributable to any wrong doing on the part of Defendants.

### NINTH DEFENSE

Defendants deny that they have breached any form of duty or standard with respect to the Plaintiff.

## TENTH DEFENSE

The acts of others who are not Defendants, and who are not agents of Defendants, are the sole cause of Plaintiff's damages, if any, and, therefore, the Plaintiff may not recover against Defendants.

## THIRTEENTH DEFENSE

The damages of which Plaintiff complains were not the proximate result of any acts or omissions or commissions on the part of Defendants.

## FOURTEENTH DEFENSE

Defendants hereby raise as an affirmative defense any immunity or defense available, pursuant to § 46A-5-109 of the West Virginia Code relating to consumer credit and protection.

## FIFTEENTH DEFENSE

Pursuant to W. Va. Code § 46A-5-101(8), if any alleged activity of Defendants are deemed to be a violation, such activity was unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid such violation or error.

Defendants reserve the right to add additional affirmative defenses as the case proceeds and the complaints and circumstances surrounding the case are revealed during discovery.

**WHEREFORE**, Defendants pray the Court to:

1.  Order that Plaintiff has and recovers nothing;

2.  Dismiss Plaintiff's claims against Defendants *with prejudice*;

3.  Tax the costs of this action, including reasonable attorneys' fees as allowed by law, against Plaintiff; and

4.  Grant such other relief as it deems just and proper.

- 7 -

Dated this the 30th day of May, 2019.

BANK OF AMERICA, N.A. and
Countrywide Home Loans, Inc.
*By Counsel*

Carrie Goodwin Fenwick (WVSB #7164)
James A. Kirby III (WVSB #8564)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 25301
(304) 346-7000/(304) 344-9692
E-mail:   cgf@goodwingoodwin.com
          jak@goodwingoodwin.com

- 8 -

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**

2019 JUN -3  PM 2: 03

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

| | |
|---|---|
| THOMAS L. ROOT, SR., | |
| Plaintiff, | |
| vs. | Civil Action No. 19-C-513 |
| | (Hon. Tera L. Salango) |
| NEWREZZ LLC, d/b/a | |
| SHELLPOINT MORTGAGE SERVICING, | |
| BANK OF AMERICA, N.A., | |
| COUNTRYWIDE HOME LOANS, INC.,   and | |
| THE BANK OF NEW YORK MELLONG f/k/a | |
| THE BANK OF NEW YORK, as Trustee for | |
| Certificateholders of CWABS, Inc., Asset-backed | |
| Certificates, Series 2005-5, | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I, James A. Kirby III, do hereby certify that on the 30th day of May, 2019, I served true and exact copies of the foregoing ***Bank of America, N.A. and Countrywide Home Loans, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint*** on all known counsel of record, *via* U.S. Postal Service, by placing the same in a properly stamped envelope addressed as follows:

Daniel T. Lattanzi, Esq.
Pepper & Nason
8 Hale Street
Charleston, West Virginia  25301
*Counsel for Plaintiff*

James A. Kirby III (WVSB #8564)